```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

BEN BANE

v.                              CASE NO. 8:14-cv-2559-T-33MAP
                                         8:09-cr-352-T-33MAP

UNITED STATES OF AMERICA
_____/

**ORDER**

This cause comes before the Court pursuant to Petitioner Ben Bane's Motion to Recuse (Doc. # 2), filed on October 8, 2014. Bane requests that the undersigned recuse herself from this action before any determination is made on his Petition to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Id. at 4, 9, 17).

The undersigned recuses herself from this matter; however, not for the reasons set forth in Bane's Motion. A family member of the undersigned has become employed at the Carlton Fields law firm. While recusal is not mandatory, the undersigned has routinely automatically recused herself from Carlton Fields' cases since her family member became employed there. Although an attorney from Carlton Fields has not appeared in this action, the undersigned notes that Bane's Petition to Vacate, Set Aside, or Correct Sentence pursuant

to 28 U.S.C. § 2255 raises several claims, including allegations that his trial counsel – Edward J. Page, Esq. – provided ineffective assistance of counsel during the pendency of Bane's underlying criminal action. Mr. Page is employed by Carlton Fields. Therefore, the undersigned finds recusal appropriate in accordance with her standard practice.

**Discussion**

After a six-week trial, on December 15, 2010, a jury convicted Bane of (1) conspiring to commit health care fraud and making false claims and statements to the United States, (2) scheming to defraud a health care benefit program, and (3) filing false claims for reimbursement from the United States. (CR Doc. # 261). The Eleventh Circuit affirmed Bane's conviction, except with respect to the Court's Order regarding restitution. (See CR Doc. # 554). This Court resentenced Bane on November 26, 2013. (CR Doc. ## 577, 578).

Prior to Bane's trial, on her own initiative, the undersigned advised all counsel of information she had learned concerning a family member's application for employment with Mr. Page's employer. Not only did the undersigned make this disclosure to counsel in this case, but she made a similar disclosure in several other cases she had become aware of involving similar circumstances.

At the time of the disclosure, the undersigned acknowledged that such a disclosure was not required by the Code of Conduct for United States Judges. See e.g., United States ex rel. Weinberger v. Equifax, Inc., 557 F.2d 456, 463-64 (5th Cir. 1977). Nonetheless, the undersigned found such a disclosure to be appropriate in order to avoid even the slightest appearance of impropriety in favor of Bane and Mr. Page and against his co-Defendants and the Government.

The undersigned emphasized to the parties that such circumstances would have no impact on her ability to conduct a fair and impartial trial. Even so, the undersigned provided all parties adequate opportunity to file an appropriate motion demonstrating that, given the disclosure, it was necessary for the undersigned to recuse herself from this matter. No such request was forthcoming.

A period of time later, before Bane's trial was to begin, Mr. Page moved for the undersigned to recuse herself. After considering the circumstances surrounding the action, particularly since no offer of employment had been extended by Mr. Page's employer, neither the undersigned nor her family member had a potential interest, financial or otherwise, in Mr. Page's employer, which would have warranted recusal. The request was accordingly denied.

While 28 U.S.C. § 455(a) provides that, "[a] judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," "a charge of the appearance of partiality must be supported by the facts." 28. U.S.C. § 455; <u>Drake v. Birmingham Bd. of Educ.</u>, 476 F. Supp. 2d 1341, 1345 (N.D. Ala. 2007). Thus, "judges should not recuse themselves solely because a party *claims* an appearance of partiality." <u>In re Aguinda</u>, 241 F.3d 194, 201 (2d Cir. 2001)(emphasis in original); <u>see</u> <u>Sensley v. Albritton</u>, 385 F.3d 591, 598 (5th Cir. 2004)("Courts should take special care in reviewing recusal claims so as to prevent parties from abus[ing] § 455 for a dilatory and litigious purpose based on little or no substantiated basis." (internal quotation omitted)).

While the undersigned recognizes that it was Mr. Page's responsibility to effectively advocate on Bane's behalf, it was the undersigned's responsibility to make the difficult decisions that ensure that justice is served. This included declining to recuse herself late in the proceedings from a complicated, lengthy trial when recusal was unwarranted, so that further delay of the trial would not have occurred. To that end, however, the undersigned notes that if recusal had been warranted, she would have recused herself from Bane's

4

underlying criminal action, even if the request had come as late as the morning of trial.

Bane's present Motion to Recuse contains information and statements that are not accurate and conclusions that are not correct, particularly with respect to the undersigned. Because the undersigned is recusing herself, the undersigned declines to address each of Bane's allegations. Rather, the undersigned will simply note that throughout the pendency of Bane's underlying criminal action, she conducted herself above and beyond what was required of her by the Code of Conduct for United States Judges, and presided over the action with the utmost integrity and respect for the legal system.

Given that the undersigned's family member is now employed at the Carlton Fields law firm, the undersigned determines that it is proper to recuse herself from this matter at this time. As a result, Bane's Motion is granted.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Petitioner Ben Bane's Motion to Recuse (Doc. # 2) is **GRANTED.**

(2) The Clerk of Court is directed to reassign this case pursuant to its normal procedures.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of October, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies: All Counsel and Parties of Record