UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No. 8:14-cv-2559-T-23SPF

BEN BANE
_____/

**O R D E R**

Bane was indicted (1) for one count of conspiring to commit health care fraud, making false statements, and presenting fraudulent claims; (2) for five counts of health care fraud; and (3) for four counts of having presented fraudulent claims to an agency of the United States. After a twenty-five day trial, a jury convicted Bane of each count. Because of some success on appeal, Bane's sentence is composed of imprisonment for 151 months, a fine of $2,500,000, and restitution of $1,054,639.91. (Doc. 578 in 09-cr-352).[*] After careful consideration, the district court determines that this action warrants appointing counsel to represent Bane.

Bane moves to vacate his sentence under 28 U.S.C. 2255. The circuit court summarized the facts of this action as follows (Doc. 554 at 2–3):

> This is a Medicare and Medicaid fraud case arising out of Bane's ownership and operation of two companies, Bane Medical Services (BMS) and Oxygen & Respiratory, Inc. (ORT). BMS and ORT provided durable medical equipment, including

---

[*] This action was tried before the Honorable Virginia M. Hernandez Covington who, upon the filing of the present motion to vacate, recused herself because a family member is employed with the law firm that represented Bane at trial and because trial counsel is alleged to have rendered ineffective assistance. The action was randomly re-assigned to this district judge.

> portable oxygen, to Medicare patients. Medicare reimburses
> providers of portable oxygen for up to 80 percent of the
> allowable charge for this equipment, with patients and/or
> supplemental insurers covering the remaining 20 percent. To
> qualify for reimbursement, equipment providers must ensure the
> oxygen is medically necessary by sending patients to an
> independent laboratory for pulse oximetry testing. In this case,
> from January 2001 to December 2004, instead of referring
> patients to independent labs, BMS and ORT, at Bane's direction,
> conducted the testing themselves and falsely represented to
> Medicare that they used independent labs. Bane recruited the
> help of two companies that were authorized to perform pulse
> oximetry tests. Bane's employees sent the results of tests BMS
> and ORT conducted to these labs, and the lab employees
> stamped the results to make it appear as if they had performed
> the tests. Bane also falsified test results and doctors' signatures
> and, when the government began investigating, directed his son
> to delete hard drives and destroy computers.

Banes's initial motion to vacate was nearly seventy-five pages in length with an additional thirty pages of exhibits. (Doc. 1) After the United States responded, Bane filed five supplements, each of which was stricken (Docs. 29, 31, 32, 37, and 38), as well as additional papers and motions. An earlier order (Doc. 41 at 2) remarked that "[t]he existence of the original motion to vacate and several supplements and, concomitantly, more than one response unnecessarily complicates the review of Bane's claims. The original motion to vacate, the supplement, and the proposed supplements total almost two hundred pages." As a consequence, the district court struck both the initial motion to vacate and the supplements. The order directs Bane to file a comprehensive motion to vacate. The subsequent amended motion to vacate (Doc. 43) is more than two hundred pages in length, which includes approximately fifty pages of exhibits. The United States moves (Doc. 44) to strike the pleading.

Bane's opposition to the motion to strike concludes with a request to appoint counsel. (Doc. 45 at 8)

Many of Bane's handwritten allegations are rambling and his handwritten computations are at times difficult to discern. After considering all aspects of this action, the district court determines that appointing counsel to represent Bane is necessary to formulation and resolution of the issues. The appointment of counsel is authorized under 28 U.S.C. § 2255(g). As a consequence, Bane's several other motions (Doc. 49, 50, and 53) are rendered moot.

Accordingly, the United States' motion to strike (Doc. 44) the amended motion to vacate (Doc. 43) is **GRANTED**. Bane's several other motions (Doc. 49, 50, and 53) are **DENIED AS MOOT**. The motions (Docs. 47 and 56) by Natalie Adams to withdraw as counsel for the United States are **GRANTED**. This action is referred to the Magistrate Judge for the limited purpose of appointing counsel to represent Bane, whether the public defender if no conflict exists or under the Criminal Justice Act if the public defender is conflicted. This action is **ADMINISTRATIVELY CLOSED AND STAYED** until briefing is complete. Counsel for Bane has until **MONDAY, JUNE 24, 2019**, to file a second amended motion to vacate. The United States must respond within twenty-eight days and Bane may reply within twenty-one days.

ORDERED in Tampa, Florida, on March 28, 2019.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE